**DOCKETED**

JUN 1 3 2001

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

FILED-ED4

01 JUN 12 AM 8: 38

BOSLEY MEDICAL INSTITUTE, INC. a Delaware corporation, and BOSLEY MEDICAL GROUP, S.C., an Illinois corporation,

v.

MICHAEL STEVEN KREMER, an individual, and TUCOW, INC., a Canadian corporation.

CLERK
U.S. DISTRICT COURT

Case Number:

# 01C   4388

**JUDGE GETTLEMAN**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:  Plaintiffs

BOSLEY MEDICAL INSTITUTE, INC. a Delaware corporation, and BOSLEY MEDICAL GROUP, S.C., an Illinois corporation.

**MAGISTRATE JUDGE ROSEMOND**

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| SIGNATURE | | | | SIGNATURE | | | |
| NAME Algis Augustine | | | | NAME Jeffrey B. Levens | | | |
| FIRM Augustine, Kern and Levens, Ltd. | | | | FIRM Augustine, Kern and Levens, Ltd. | | | |
| STREET ADDRESS 218 North Jefferson Street, Suite 202 | | | | STREET ADDRESS 218 North Jefferson Street, Suite 202 | | | |
| CITY/STATE/ZIP Chicago, Illinois 60661 | | | | CITY/STATE/ZIP Chicago, Illinois 60661 | | | |
| TELEPHONE NUMBER (312) 648-1111 | | | | TELEPHONE NUMBER (312) 648-1111 | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 81515 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 1627953 | | | |
| MEMBER OF TRIAL BAR? | YES X | NO ☐ | | MEMBER OF TRIAL BAR? | YES X | NO ☐ | |
| TRIAL ATTORNEY? | YES X | NO ☐ | | TRIAL ATTORNEY? | YES X | NO ☐ | |
| | | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO X | |
| (C) | | | | (D) | | | |
| SIGNATURE | | | | SIGNATURE | | | |
| NAME Lisa C. Fosler | | | | NAME John E. Kosky | | | |
| FIRM Augustine, Kern and Levens, Ltd. | | | | FIRM Augustine, Kern and Levens, Ltd. | | | |
| STREET ADDRESS 218 North Jefferson Street, Suite 202 | | | | STREET ADDRESS 218 North Jefferson Street, Suite 202 | | | |
| CITY/STATE/ZIP Chicago, Illinois 60661 | | | | CITY/STATE/ZIP Chicago, Illinois 60661 | | | |
| TELEPHONE NUMBER (312) 648-1111 | | | | TELEPHONE NUMBER (312) 648-1111 | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06210670 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6244613 | | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO X | | MEMBER OF TRIAL BAR? | YES ☐ | NO X | |
| TRIAL ATTORNEY? | YES ☐ | NO X | | TRIAL ATTORNEY? | YES ☐ | NO X | |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO X | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO X | |

1-2



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS 0-E04

# Civil Cover Sheet

01 JUN 12 AM 8: 38

CLERK
U.S. DISTRICT COURT

**DOCKETED**

JUN 1 3 2001

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): BOSLEY MEDICAL INSTITUTE, INC., a Delaware corporation, and BOSLEY MEDICAL GROUP, S.C., an Illinois corporation**

County of Residence: Cook

Plaintiff's Atty:  Algis K. Augustine
Augustine, Kern and Levens, Ltd.
218 North Jefferson Street, Suite 202,
Chicago, Illinois 60661
(312) 643-1111

**Defendant(s): MICHAEL STEVEN KREMER, an individual, and TUCOW, INC., a Canadian corporation**

County of Residence:

Defendant's Atty:

# 01C 4388

**JUDGE GETTLEMAN**

---

II. Basis of Jurisdiction:          **3. Federal Question (U.S. not a party)**

III. Citizenship of Principle Parties
(Diversity Cases Only)

Plaintiff:- **N/A**

Defendant:- **N/A**

**MAGISTRATE JUDGE ROSEMOND**

IV. Origin :          **1. Original Proceeding**

V. Nature of Suit:          **840 Trademark**

VI. Cause of Action:          **This action is being brought and maintained to enjoin Defendants from further infringement upon Plaintiffs' rights under the Lanham Trademark Act of 1946 and to receive compensation for the resultant injuries. 15 U.S.C. 1051 et seq.**

VII. Requested in Complaint

Class Action: **No**
Dollar Demand: **8.1 million**
Jury Demand: **No**

VIII. This case **Is NOT** a refiling of a previously dismissed case. (If yes case number __ by Judge __)

---

Signature:

Date: June 11, 2001

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**          Revised: 06/28/00

FILED-ED4

DOCKETED

01 JUN 12 AM 10:39 IN THE UNITED STATES DISTRICT COURT
CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN 1 3 2001

BOSLEY MEDICAL INSTITUTE, INC., )
a Delaware corporation, and BOSLEY )
MEDICAL GROUP, S.C., an Illinois )
corporation, )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )
                                   )
MICHAEL STEVEN KREMER, an          )
individual, and TUCOW, INC., a     )
Canadian corporation,              )
                                   )
          Defendants.              )

# 01C 4388

## JUDGE GETTLEMAN

## MAGISTRATE JUDGE ROSEMOND

COMPLAINT FOR INJUNCTION, DECLARATORY RELIEF AND DAMAGES

NOW COME BOSLEY MEDICAL INSTITUTE, INC., a Delaware corporation, and BOSLEY MEDICAL GROUP, S.C., an Illinois corporation, Plaintiffs, by Augustine, Kern and Levens, Ltd., their attorneys, and for their Complaint against MICHAEL STEVEN KREMER, and TUCOW, INC., Co-defendants, state as follows:

### Nature of the Action

1.   This lawsuit concerns: (i) the infringement and dilution by an individual of the famous and unique mark of a medical institute and a medical group practice, in violation of the Lanham Trademark Act of 1946, 15 U.S.C. 1114(1)(a); (ii) Mr. Kremer's act of cyberpiracy in having usurped Plaintiffs' name in the registration of web site domain names, in violation of the Cyberpiracy Prevention Act, 15 U.S.C. 1125(d)(1); and (iii) his acts of libel on his pirated web site in violation of federal law and common law.

1

2. Plaintiffs seek to enjoin Mr. Kremer from maintaining possession of the pirated web sites and domain names, using them, and particularly using them for the publication via the internet of defamatory materials designed and intended to, and which did and continue to injure Plaintiffs.

3. Plaintiffs seek a declaration that Mr. Kremer has violated the Lanham Trademark Act and has infringed upon and diluted their mark, and that they are entitled to possession of said domain names, and the exclusive right to register said names with Tucow, Inc., or some other registrar.

4. Plaintiffs seek compensatory and other damages against Mr. Kremer for the violations of law and personal injuries alleged below and herein, which have caused them to suffer harm and to be victimized by cyberpiracy as defined in the Cyberpiracy Prevention Act.

### Jurisdiction and Venue

5. Subject-matter jurisdiction is based on Section 1331 of Title 28 (Judiciary and Judicial Procedure), pertaining to original jurisdiction of the federal district courts of all civil actions arising under laws of the United States, 28 U.S.C. 1331; Sections 1338(a) and (b) of Title 28, pertaining to original (but not necessarily exclusive) jurisdiction of the federal district courts of any civil action arising under any Act of Congress relating to trademark law, 28 U.S.C. 1338(a),(b); and Section 1121(a) of the Lanham Trademark Act of 1946. 15 U.S.C. 1121(a).

2

6.   Subject-matter jurisdiction as to independent claims for defamation and unfair competition is based on Rule 18(a) of the Rules of Civil Procedure, and Section 1367 of the United States Code of Judiciary and Judicial Procedure, which give the district court supplemental jurisdiction to claims. Fed.R.Civ.P. 18; 28 U.S.C. 1367.

7.   Personal jurisdiction over Defendants is based on Section 2-209 of the Illinois Code of Civil Procedure, applicable pursuant to Fed.R.Civ.P. 4(e)(1); 735 ILCS 5/2-209(a)(1,4,7), (b)(4), and (c). This is consistent with due process in that both defendants have established contacts within Illinois which make the assumption of jurisdiction reasonable, and Mr. Kremer has engaged in defamatory publications and libelous statements in cyberspace that are substantially connected with this state and should have alerted both defendants as to the possibility that they could be sued in this forum.

8.   Defendants have purposefully availed themselves of the privilege of conducting activities and business in Illinois, in that Mr. Kremer has engaged in deliberate misconduct designed and intended to injure Plaintiffs, including an Illinois corporation which employs or utilizes the services of Illinois citizens; and, Tucow, Inc., does business in Illinois through an interactive web site that focuses on Chicago issues and services. Subjecting Defendants to *in personam* jurisdiction in this court therefore comports with traditional notions of fair play and substantial justice,

and they should be held accountable where the injuries have occurred and are occurring.

9. Venue is proper in this court pursuant to 28 U.S.C. 1391(a)(2,3) in that a substantial portion of the events giving rise to the claims occurred in this District, as discussed herein, and Mr. Kremer caused Plaintiffs to suffer great injury at one of its principal places of business, which is located in Chicago, in the Eastern Division of the Northern District of Illinois. 28 U.S.C. §1391(b)(2).

10. Mr. Kremer's defamatory messages have been and continue to be transmitted on the internet, which transmissions were and are available to the public within the State of Illinois, as well as the nation and the world, and were and are capable of reaching an audience of unlimited potential.

## The Parties

11. At all times at issue herein, Bosley Medical Institute, Inc., Plaintiff, hereinafter "BMI," was and continues to be a Delaware corporation in good standing, with offices in Beverly Hills, California, and which is qualified and registered to do business in Illinois and other states. The names "Bosley" and "Bosley Medical" have been in use internationally since 1992 for the medical treatment and services at issue herein.

12. BMI is the management and marketing affiliate of certain medical facilities throughout the nation which offer and provide hair transplantation, restoration and replacement

4

services to the public, and provides support, organizational, and marketing services to said facilities.

13. One of BMI's main offices and primary affiliates is the Bosley Medical Group, S.C., located in Chicago, Cook County, Illinois, which office attracts patients from throughout the State of Illinois and the nation, as well as internationally.

14. The aforesaid medical services are performed by properly licensed and qualified physicians affiliated with the Bosley Medical Group, S.C., an Illinois corporation, hereinafter referred to as "BMG."

15. Plaintiffs' founder and director is L. Lee Bosley, M.D., a physician licensed to practice medicine in all its branches in the states of California and Illinois, among others.

16. BMI is the rightful and lawful owner of the following trademark which qualifies and is protected as a "famous mark" pursuant to 15 U.S.C. 1125(c)(1): "Bosley Medical," registered with the United States Patent and Trademark Office on January 23, 2001, as no. 2,422,933.

17. MICHAEL STEVEN KREMER, Defendant, is an adult individual whose last known address, upon Plaintiffs' information and belief, was 260 Chestnut Avenue, Carlsbad, California 92008.

18. TUCOW, INC., Co-defendant, is a Canadian corporation and internet registrar in the business of selling, among other things, domain names for internet use. It is Plaintiffs' information and belief that Mr. Kremer purchased and/or registered the domain names at issue herein from Tucow, Inc.

## Facts Applicable to all Counts

### A. Plaintiffs' Famous Marks

19. For many years, Plaintiffs have provided medical consulting services related to hair and the scalp, and hair restoration and replacement services, under the Bosley Medical mark, and the Bosley mark.

20. The goods and services provided by Plaintiffs under the aforesaid marks are advertised extensively throughout the United States and internationally, and marketed through frequent and regular appearances on television, and in major magazines, journals, newspapers and catalogs, some with international circulation, as well as through its web site via the internet.

21. The aforesaid extensive advertising is done at substantial on-going cost to Plaintiffs, and is largely responsible for Plaintiffs' ability to generate substantial income revenue and to survive in a highly competitive marketplace.

22. The result of Plaintiffs' aggressive, expensive, and frequent advertising as aforesaid has been to cause the Bosley and Bosley Medical marks to be and become famous, well known, and well regarded among the target group of consumers. They have become and are readily identifiable and recognizable marks in which Plaintiffs have earned and have enforceable rights.

### B. Plaintiffs' and Mr. Kremer's Web Sites

23. At all times at issue herein, BMI possessed and operated, and still possesses and operates, a certain web site on the

6

internet that is directly related to its mark, namely: "www.Bosley.com." It was created, secured, developed, made popular, and is maintained by Plaintiffs at substantial expense, to provide information about goods and services to its target group of consumers throughout the world.

24. The first words seen on the home page of the aforesaid web site are "BOSLEY MEDICAL," in blue capital letters, followed by the phrase, "The world's most experienced hair restoration practice," in black, lower case letters.

25. At all times at issue herein, Mr. Kremer possessed, had, and operated, and still does possess, have, and operate certain web sites on the internet that directly and adversely affect BMI and BMG, namely:

> "bosleymedical.com;" and also,
>
> "bosley medicalviolations.com"

26. It is Plaintiffs' information and belief that on or about January 7, 2000, Mr. Kremer registered and purchased the aforesaid web site domain names from Network Solutions, Inc., an internet registrar located at 505 Huntmar Park Drive, in Herndon, Virginia.

27. It is Plaintiffs' further information and belief that on or about January 7, 2001, Mr. Kremer registered and purchased "bosleymedical.com," and on or about March 29, 2001, registered and purchased "bosleymedicalviolations.com," from another registrar known as Tucow, Inc., as discussed in paragraph 18 above and herein.

28. Mr. Kremer's aforesaid domain names are identical in sight, sound, and appearance to Plaintiffs' famous marks, and are confusingly similar to Plaintiffs' marks, and Plaintiffs' web site domain name, "bosley.com."

29. Mr. Kremer's use of the aforesaid confusing domain names usurps and infringes upon Plaintiffs' mark, dilutes the value thereof, and further injures and harms Plaintiffs in that many of the messages set forth therein are falsehoods intentionally perpetrated by Mr. Kremer to harm Plaintiffs.

### COUNT I
(Cyberpiracy)

30. Section 1125(d) of the Cyberpiracy Prevention Act states, in pertinent part, that a person may bring a civil action against anyone who, without regard to the goods and services of the parties, (i) has a bad faith intent to profit from that person's mark or actual name, and (ii) registers, traffics in, or uses a domain name that is identical or confusingly similar to that person's distinctive, famous or trademarked identity. 15 U.S.C. 1125(d)(1)(A).

31. Under Section 1125(d), "bad faith" is demonstrated by an intent to divert consumers from the trademark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the trademark, or tarnish or disparage the trademark by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site. 15 U.S.C. §1125(d)(1)(B)(V).

32. At all times at issue herein, Mr. Kremer has violated and continues to violate the aforesaid Cyberpiracy Prevention Act, in that he has exhibited:

A. A bad faith intent to profit from Plaintiffs' name and mark, in that his aforesaid web sites are trafficked in, used and employed specifically to divert consumers to his web sites for the purpose of embarrassing, humiliating, defaming, libeling, and interfering with Plaintiffs, their business and livelihood, and to allow him to derive benefit and pleasure therefrom.

B. A bad faith intent to profit from Plaintiffs' distinctive or famous trademarked identity, by having registered, trafficked in, used and employed a domain name that is identical or confusingly similar to Plaintiffs' and having designed, exhibited and promoted the aforesaid web sites, which are:

(1) Identical or confusingly similar to Plaintiffs' web site, in violation of Section 1125(d)(1)(B)(i)(I) and (V).

(2) Identical or confusingly similar to Plaintiffs' trademark in violation of Section 1125(d)(1)(B)(i)(A)(I).

(3) Identical or confusingly similar to the personal name of Plaintiffs' founder and director, L. Lee Bosley, M.D., in violation of Section 1125(d)(1)(B)(i)(A)(II).

(4) Not used and never have been used in connection with the bona fide offering of goods or services, in violation of Section 1125(d)(1)(B)(i)(A)(III).

(5) Not used and never have been used in connection with bona fide noncommercial or fair use of the mark in a site accessible under the domain name, in violation of Section 1125(d)(1)(B)(i)(A)(IV).

(6) Indicative of his intent to divert consumers from Plaintiffs' online location to a site accessible under the domain name, that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark by creating a likelihood of confusion as to the sponsorship, affiliation, source, or endorsement of the site, in violation of Section 1125(d)(1)(B)(i)(A)(V).

(7) In possession of multiple domain names which were distinctive at the time of registration and still are distinctive; and which are, and which he knows to be, identical or confusingly similar to Plaintiffs' marks, in violation of Section 1125(d)(1)(B)(i)(A)(VIII).

33. At all times at issue herein, Mr. Kremer did and still does utilize the aforesaid web sites to communicate with vast numbers of known and unknown users of the internet, including users in Illinois, the United States, and the world.

34. The large scale of the potential readership is of vital significance because Plaintiffs and the physicians of the Bosley Medical Groups have treated more than 130,000 patients in 60 countries.

35. In violation of Section 1125(d) of the Lanham Trademark Act, Mr. Kremer acquired the aforesaid domain names, and possibly others, which he knew and knows to be confusingly similar to BMI's aforesaid trademark, and Plaintiffs' famous marks, to have and use for the aforesaid purposes.

36. Mr. Kremer has no bona fide prior or fair use of said names.

37. Plaintiffs are entitled to reimbursement for damages sustained, including any direct or indirect profits achieved by Mr. Kremer in or related to operation of said web sites, or, in the alternative, an award of not less than $1,000 nor more than $100,000 per domain name; costs; and, in exceptional instances such as exist in this instance, reasonable attorney's fees. 15 U.S.C. 1117(a, d).

WHEREFORE, BOSLEY MEDICAL INSTITUTE, INC., and BOSLEY MEDICAL GROUP, S.C., Plaintiffs, pray that this court enter judgment for them and against MICHAEL KREMER, Defendant; order him to reimburse Plaintiffs for damages sustained, including direct and indirect profits acquired in or related to operation of said web sites, or, in the alternative, to pay an award of $100,000 per domain name; pay court costs and attorney's fees; and, order any other remedy deemed just and proper in law or in equity.

**COUNT II**
(Cyberpiracy - Injunctive Relief)

30-37. Plaintiffs repeat and re-allege paragraphs 30 through 37 of Count I as paragraphs 30 through 37 of Count II and incorporate said allegations by reference thereto as though fully set forth herein.

38. Plaintiffs have a meritorious claim, in that Mr. Kremer's violations of the Lanham Trademark Act, as discussed above and herein, are clear and obvious and entitle them to relief.

39. Plaintiffs have been, are being and will continue to be irreparably harmed by Mr. Kremer's continued and persistent use of the aforesaid web sites, in that the damages are immeasurable and incapable of being quantified. It is virtually impossible to know:

A. How many potential patients never contacted Plaintiffs because, in a legitimate effort to visit Plaintiffs' web site, they typed "bosleymedical" and were transported to Mr. Kremer's embarrassing, insulting, humiliating and defamatory web site rather than Plaintiffs';

B. How many potential patients who contacted Plaintiffs because of other marketing were lost because, in a legitimate effort to visit Plaintiffs' web site, they typed "bosleymedical" and were transported to Mr. Kremer's embarrassing, insulting, humiliating and defamatory web site rather than Plaintiffs'; and,

C.     How many potential physician-employees, nurse-employees and other employees, either never made contact with Plaintiffs, or chose not to be employed by Plaintiffs after having made contact, because, in a legitimate effort to visit Plaintiffs' web site, they typed "bosleymedical" and were transported to Mr. Kremer's embarrassing, insulting, humiliating and defamatory web site rather than Plaintiffs'.

40.   Plaintiffs have no adequate remedy at law, for the same reasons they have been and are being irreparably harmed by Mr. Kremer's continued and persistent use of the aforesaid web sites, in that the damages are immeasurable and incapable of being quantified.

41.   A balancing of the hardships favors Plaintiffs, in that Mr. Kremer could run his web sites on some other basis using some other domain names, with a minimum of difficulty. It is not feasible for Plaintiffs to use some other names, however, because their names are unique, based on the name of the founder of the company; famous, based on extensive market saturation; properly trademarked; and, no other names make sense are economically feasible.

42.   It is in the best interest of the public to enjoin those who trespass upon and violate the rights of persons and companies to enjoy the fruits of their investments in building up trade names and taking the proper steps to protect their interests under the law.

43. This action is brought pursuant to Section 1116 of the Lanham Trademark Act, which vests this court with jurisdiction to grant injunctive relief, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of Section 1125 of this title." 15 U.S.C. 1116(a).

44. This action is further brought pursuant to Section 1118 of the Lanham Trademark Act, which empowers this court to order all content and items that violate the law to "be delivered up and destroyed." 15 U.S.C. 1118.

WHEREFORE, BOSLEY MEDICAL INSTITUTE, INC., and BOSLEY MEDICAL GROUP, S.C., Plaintiffs, pray that this court enter judgment for them and against MICHAEL KREMER, Defendant; enjoin him to, and order that he turn over to Plaintiffs his proprietary interest in the aforesaid domain names and web sites, halt all further use thereof, use the Bosley name in no other context or combination of words, and deliver up the contents and items thereof to be destroyed; and, enter an order for compensatory damages, costs, and attorney's fees as requested in Count I above, as well as any other remedy deemed just and proper in law or in equity.

## COUNT III
### (Cyberpiracy - In Rem)

30-44. Plaintiffs repeat and re-allege paragraphs 30 through 44 of Count II as paragraphs 30 through 44 of Count III and incorporate said allegations by reference thereto as though fully set forth herein.

45. Plaintiffs hereby bring this action *in rem* against TUCOW, INC., Co-defendant, pursuant to Section 43 (d)(2)(A) of the Lanham Act, which allows the owner of a trademark to file an action *in rem* against a domain name in the judicial district in which the domain name registrar is located. 15 U.S.C. 1125(d)(2)(A, C).

46. Tucow, Inc., has a web site that is available to users of the internet 24 hours per day, 7 days per week, and is fully interactive to allow users to purchase and download various computer software and products, respond to posted employment opportunities, and specifically to link to guides, web sites and businesses pertaining to Chicago, Illinois.

47. The Tucow web site offers information from Chicago retailers and other businesses pertaining to dining, nightlife, theater, hotels, and cultural events. It allows the user to buy books about Chicago, including "'Cows on Parade in Chicago' for Lovers of Chicago and its Whimsical Cows," book hotel rooms in Chicago, or locate the whimsical cows through the "Master Cow Chart."

48. Consequently, since Tucow, Inc. is the domain name registrar of the rem in dispute, this action is brought against Tucow, Inc., pursuant to Section 2-209(c) of the Illinois Code of Civil procedure. 735 ILCS 5/2-209(c).

49. Because Tucow, Inc., is a foreign national doing business in Illinois, venue lies in the federal district court serving any district in the State of Illinois.

50. Under the provisions of Section 43 of the Lanham Act, Plaintiffs are entitled to a court order for the forfeiture or cancellation of the domain names at issue herein, or the transfer thereof to Plaintiffs as the true owners of the mark. 15 U.S.C. 1125(d)(2)(D).

WHEREFORE, BOSLEY MEDICAL INSTITUTE, INC., and BOSLEY MEDICAL GROUP, S.C., Plaintiffs, pray that this court enter judgment in their favor and against TUCOW, INC., Co-defendant; order TUCOW, INC., to cancel the registration of the aforesaid web site domain names and transfer ownership thereof to Plaintiffs as they shall direct; and award any other remedy deemed just and proper in law or equity.

### COUNT IV
(Trademark Infringement)

30-44. Plaintiffs repeat and re-allege paragraphs 30 through 44 of Count I as paragraphs 30 through 44 of Count IV and incorporate said allegations by reference thereto as though fully set forth herein.

16

44. BMI is the rightful holder of the trademark "Bosley Medical," as discussed in paragraph 16 above and herein. This trademark is protected under the Lanham Trademark Act of 1946. 15 U.S.C. §1114(1)(a).

WHEREFORE, BOSLEY MEDICAL INSTITUTE, INC., and BOSLEY MEDICAL GROUP, S.C., Plaintiffs, pray that this court enter judgment for them and against MICHAEL KREMER, Defendant; enjoin him to, and order that he turn over to Plaintiffs his proprietary interest in the aforesaid domain names and web sites, halt all further use thereof, use the Bosley name in no other context or combination of words, and deliver up the contents and items thereof to be destroyed; and, enter an order for compensatory damages, costs, and attorney's fees as requested in Count I above, and any other remedy deemed just and proper in law or in equity.

### COUNT V
(Trademark Dilution)

30-44. Plaintiffs repeat and re-allege paragraphs 30 through 44 of Count IV as paragraphs 30 through 44 of Count V and incorporate said allegation by reference thereto as though fully set forth herein.

45. Mr. Kremer's actions violate the Lanham Trademark Act in that his intentional, willful and unauthorized use of Plaintiffs' marks and trademark has diluted their distinctive and famous quality, and they can now be confused with Mr. Kremer's defamatory web sites. 15 U.S.C. §1125(c).

46. Said marks and trademark are inherently attached to and inseparable from Plaintiffs' business in that they constitute a substantial portion of the name of the entity, have long been in use, and yield an intimate and direct connection to Plaintiffs and their business. 15 U.S.C. 1125(c)(1)(A).

47. Mr. Kremer bears no natural connection to said famous marks and trademark and has no history of use other than the aforesaid unauthorized use. 15 U.S.C. 1125(c)(1)(G).

48. Plaintiffs have made commercial use of said marks and trademark for many years, continue to make such use, have made repeated and long-term use thereof in all their advertising, and derive great benefit from such use thereof, as discussed in paragraphs 19 through 22 above and herein. 15 U.S.C. 1125(c)(1)(A through F).

49. Plaintiffs are closely tied to and allied with said marks and trademark. 15 U.S.C. 1125(c)(1)(H).

50. Plaintiffs have made national and international use of said famous marks and trademark and are not limited by geographical regions, as discussed in paragraph 34 above and herein. 15 U.S.C. 1125(c)(1)(D).

51. Mr. Kremer's willful and intentional dilution of Plaintiffs' marks has caused Plaintiffs to suffer and to continue to suffer substantial and irreparable damages that Plaintiffs are entitled to redress pursuant to sections 1117 and 1118 of the Lanham Trademark Act. 15 U.S.C. 1117(a); 1118.

WHEREFORE, BOSLEY MEDICAL INSTITUTE, INC., and BOSLEY MEDICAL GROUP, S.C., Plaintiffs, pray that this court enter judgment for them and against MICHAEL KREMER, Defendant; enjoin him to, and order that he turn over to Plaintiffs his proprietary interest in the aforesaid domain names and web sites, halt all further use thereof, use the Bosley name in no other context or combination of words, and deliver up the contents and items thereof to be destroyed; and, enter an order for compensatory damages, costs, and attorney's fees as requested in Count I above; enter an award of and for treble damages as punitive damages for Mr. Kremer's misconduct; and, award such other remedies as this court deems just and proper in law or in equity.

### COUNT VI
### (Unfair Competition)

30-44. Plaintiffs repeat and re-allege paragraphs 30 through 44 of Count II as paragraphs 30 through 44 of Count VI and incorporate said allegations by reference thereto as though fully set forth herein.

45. Mr. Kremer's actions are a direct violation of the Lanham Trademark Act in that his intentional and willful unauthorized use of Plaintiffs' famous marks and trademark constitutes a false or misleading description of facts which have caused, or are likely to cause, consumer confusion as to affiliation, connection, or association of his web sites with Plaintiffs and as to the sponsorship or approval of the content of Mr. Kremer's web sites. 15 U.S.C. §1125(a).

STATE OF CALIFORNIA    )
                       )  SS.
COUNTY OF LOS ANGELES  )

## VERIFICATION AND AFFIDAVIT

JOHN OHANESIAN, an employee, representative and agent of Plaintiffs in the above-named cause, having been first duly sworn upon his oath, deposes and says that he has read the above and foregoing Complaint by Plaintiffs' attorney subscribed, and it is true in substance and in fact.



Mr. John Ohanesian
Title: President, Bosley Medical
Institute, Inc., Plaintiff

Subscribed and sworn to
before me this _6th_ day
of June, 2001.

_____
Notary Public

MICHELLE INNOCENTI
Commission # 1208196
Notary Public - California
Los Angeles County
My Comm. Expires Jan 16, 2003

Augustine, Kern and Levens, Ltd.
218 North Jefferson, Suite 202
Chicago, Illinois 60661
Phone: (312) 648-1111
Fax: (312) 648-1057